

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CA NO.: 1:26CV340

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) **MOTION TO PROCEED** |
| v. | ) **UNDER A PSEUDONYM** |
| | ) |
| AMAZON.COM SERVICES LLC, | ) |
| | ) |
| | ) |
| *Defendant.* | ) |

COMES NOW Plaintiff Jane Doe, pursuant to Rule 10 of the Federal Rules of Civil Procedure, USCS Fed Rules Civ Proc R 10 and hereby respectfully moves this Court for an order permitting Plaintiff to proceed under a pseudonym in all public filings in this action.

## PARTIES

1. Plaintiff Jane Doe is an individual residing in the United States.

2. Defendant Amazon.com Services LLC is a limited liability company formed under the laws of Delaware with a principal place of business in Washington State.

## INTRODUCTION

3. Plaintiff seeks leave to amend the caption of this action to substitute a pseudonym for her true name in all public filings. This request arises from extraordinary circumstances that create concrete, particularized harm extending beyond the typical consequences of civil litigation. Plaintiff does not seek to conceal her identity from Defendant or to impair

Defendant's ability to defend this action. Rather, Plaintiff seeks only to protect against public identification that would materially jeopardize her ongoing immigration proceedings and her ability to maintain lawful status in the United States.

## FACTUAL BACKGROUND

### Plaintiff's Immigration Status and Pending Proceedings

4. Plaintiff is present in the United States pursuant to employer-sponsored work authorization.

5. Plaintiff is engaged in an active employment-based permanent residency process.

6. Plaintiff's lawful status in the United States is dependent on maintaining continuous, non-disrupted employment.

7. Plaintiff's permanent residency application is currently pending before the United States Department of Labor.

8. The permanent residency process consists of multiple sequential stages that must be completed in a defined order and within specific timing constraints.

9. Upon completion of the Department of Labor stage, Plaintiff must initiate the next phase within approximately three months.

10. The next phase requires submission and verification of detailed experience documentation, including letters from prior employers describing specialized skills.

11. Plaintiff must complete the required stages of this process within a broader timeline extending through December of this year.

### Limited Sources of Required Documentation

12. One prior employer from whom Plaintiff would ordinarily obtain required experience documentation has ceased operations and is no longer available.

13. As a result, Plaintiff has a limited number of remaining sources from which to obtain the required documentation and references.

14. A substantial portion of the specialized skills that Plaintiff must document were acquired during Plaintiff's employment with Defendant.

15. Plaintiff must therefore rely on documentation, verification, or references associated with Defendant, or individuals associated with Defendant, to satisfy immigration requirements.

16. Because other sources do not provide equivalent documentation of these specialized skills, Defendant represents a critical and, in certain respects, irreplaceable source of required information.

## Risk created by public identification

17. The immigration process is both sequential and time-sensitive.

18. Delays in obtaining required documentation within the relevant window may affect the sequencing and timing of subsequent stages.

19. Public identification of Plaintiff in connection with this litigation creates a material risk of impairing Plaintiff's ability to obtain necessary cooperation, references, or documentation from the limited available sources during this critical period.

20. Because Plaintiff's lawful status is tied to continued employment, disruption to professional relationships or employment stability during this period may carry consequences beyond those typically associated with civil litigation.

## Plaintiff's unique identifiability

21. Plaintiff has a highly distinctive name that is not commonly shared.

22. Public filing under Plaintiff's true name would render Plaintiff readily identifiable through routine internet searches.

23. This unique identifiability would effectively eliminate any practical ability to limit dissemination of information regarding this action.

24. The unique identifiability would magnify the harms described above.

## Nature of relief sought

25. Plaintiff seeks only to proceed under a pseudonym in public filings.

26. Plaintiff does not seek to prevent Defendant from knowing Plaintiff's identity.

27. Plaintiff does not seek to prevent Defendant from fully defending this action.

## LEGAL BASIS

28. Courts recognize a qualified right to proceed anonymously in civil litigation where exceptional circumstances justify departure from the strong presumption of public access to judicial proceedings.

29. The determination whether to permit pseudonymous litigation requires balancing the plaintiff's interest in anonymity against the public's interest in open judicial proceedings and the defendant's interest in defending the action.

30. Courts consider multiple factors in evaluating whether exceptional circumstances exist, including: the extent to which the plaintiff's identity has already been revealed; whether

the plaintiff is challenging governmental activity; the risk of retaliatory physical or mental harm; whether the plaintiff is compelled to disclose information of the utmost intimacy; whether the plaintiff is a child or other vulnerable party; and whether the action involves matters of public concern.

31. The party seeking to proceed anonymously bears the burden of demonstrating that exceptional circumstances warrant departure from the normal practice of public identification.

## APPLICATION TO PRESENT CASE

32. Plaintiff's circumstances present a confluence of factors that, taken together, constitute exceptional circumstances warranting pseudonymous litigation.

33. First, Plaintiff faces concrete, time-sensitive harm that extends beyond generalized reputational concerns.

34. Plaintiff's lawful immigration status depends on maintaining continuous employment and completing sequential immigration proceedings within strict timeframes.

35. Public identification in connection with employment discrimination litigation against her former employer creates a material risk of impairing Plaintiff's ability to obtain critical documentation from limited available sources.

36. This risk is not speculative but arises from the practical realities of Plaintiff's immigration situation: one prior employer has ceased operations, leaving Defendant as an irreplaceable source for documenting specialized skills acquired during Plaintiff's employment.

37. Second, the harm Plaintiff faces is particularized to her unique circumstances rather than generalized to all employment discrimination plaintiffs.

38. The combination of employer-sponsored work authorization status, pending permanent residency proceedings with strict sequencing requirements, limited documentation sources, and an unusually distinctive name creates a specific vulnerability not shared by most litigants.

39. Third, Plaintiff's request is narrowly tailored to address the identified harm.

40. Plaintiff does not seek to conceal her identity from Defendant, who already knows Plaintiff's identity and can fully defend this action.

41. Plaintiff seeks only to prevent public dissemination that would occur through routine internet searches of court filings.

42. Fourth, the public interest in open proceedings is not substantially impaired by permitting pseudonymous litigation in this case.

43. The underlying claims involve private employment matters rather than governmental action or matters of significant public concern.

44. The factual and legal issues in this case can be fully understood and evaluated without public knowledge of Plaintiff's specific identity.

45. Fifth, granting this motion would not prejudice Defendant's ability to defend this action.

46. Defendant knows Plaintiff's identity and has full access to all relevant information necessary to mount a defense.

47. The only effect of pseudonymous litigation would be to limit public dissemination of Plaintiff's identity, not to impair Defendant's litigation position.

## DISTINCTION FROM CASES INVOLVING GENERALIZED REPUTATIONAL

## CONCERNS

48. Courts routinely deny motions to proceed anonymously based solely on generalized concerns about reputational harm or embarrassment associated with litigation.

49. The present case is distinguishable because Plaintiff faces concrete harm to her immigration status and ability to remain lawfully in the United States, not merely reputational injury.

50. The harm Plaintiff faces is both imminent and irreparable, as delays in obtaining required documentation could disrupt the sequencing of her permanent residency application and jeopardize her lawful status.

51. The harm is also particularized to Plaintiff's unique circumstances rather than common to all employment discrimination plaintiffs.


## CONCLUSION

52. Plaintiff's circumstances present exceptional circumstances warranting departure from the normal practice of public identification in civil litigation.

53. The confluence of Plaintiff's employer-sponsored work authorization status, pending time-sensitive immigration proceedings, limited sources of required documentation, and unique identifiability creates concrete, particularized harm that extends beyond the typical consequences of civil litigation. Granting this motion would protect Plaintiff from material risk to her immigration status while preserving Defendant's ability to defend this action and the public's ability to understand the factual and legal issues presented. The relief sought is narrowly tailored to address the identified harm without substantially impairing the interests of Defendant or the

public.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter an order:

a.  Granting Plaintiff leave to proceed under a pseudonym in all public filings in this action;

b.  Directing that the caption be amended to substitute a pseudonym for Plaintiff's true name in all public filings;

c.  Directing the Clerk of Court to maintain Plaintiff's true identity under seal in court records;

d.  Permitting Defendant and both parties to continue to use Plaintiff's true name in communications and filings not accessible to the public; and

e.  Granting such other and further relief as the Court deems just and proper.

Respectfully submitted.

By: Jane Doe (Pseudonym)
Pro Se Plaintiff
964 High House Road
Unit #4587
Cary, NC 27513
901-878-0367
legaljdnc@gmail.com

04116120 26