IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:26CV340 |
| | ) | |
| AMAZON.COM SERVICES LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

Jane Doe has sued Amazon.com Services LLC for employment discrimination and seeks to proceed under a pseudonym in all public filings, Mot. to Proceed Under a Pseudonym, Docket Entry 3. For the reasons stated herein, the motion is denied.

### I.     DISCUSSION

#### A.  Facts

In short, Doe is concerned that naming herself publicly in this suit will somehow impair her ability to acquire documents necessary for her pending permanent residency application.

Doe worked for Amazon.com Services LLC for "multiple years . . . pursuant to employer-sponsored work authorization." Compl. ¶¶ 6, 7, Docket Entry 1. Although her employment had gone smoothly, her reassignment to new management changed the trajectory of her employment. *Id.* ¶¶ 8-24. In early 2023, she received formal notice that she was being laid off. *Id.* ¶ 24. Approximately three weeks later, she was terminated. *Id.* ¶¶ 25-26. She has sued Amazon.com Services LLC for national origin discrimination and retaliation for participating in protected activity. *Id.* ¶¶ 42-78.

In the instant motion, Doe "seeks only to protect against public identification that would materially jeopardize her ongoing immigration proceedings and her ability to maintain lawful status in the United States." Mot. ¶ 3. According to her motion, she is present in the United States on an employer-sponsored work authorization, and her lawful status "is dependent on maintaining continuous, non-disrupted employment." *Id.* ¶¶ 4, 6, 34. She "is engaged in an active employment-

based permanent residency process," and her "permanent residency application is currently pending before the United States Department of Labor." *Id*. ¶¶ 5, 7. This process "consists of multiple sequential stages that must be completed in a defined order and within specific timing constraints." *Id*. ¶¶ 8, 34. Once the Department of Labor completes its review, Doe "must initiate the next phase within approximately three months" and must complete the phase in "December of this year." *Id*. ¶¶ 9, 11.

Among the materials Doe must submit and verify is "detailed experience documentation, including letters from prior employers describing specialized skills." *Id*. ¶ 10. One of her former employers from whom she "would ordinarily obtain required experience documentation has ceased operations and is no longer available." *Id*. ¶ 12. "As a result, [she] has a limited number of remaining sources from which to obtain the required documentation and references." *Id*. ¶ 13.

She acquired "a substantial portion of the specialized skills that [she] must document" while she worked for the defendant *Id*. ¶ 14. She "must therefore rely on documentation, verification, or references associated with Defendant, or individuals associated with Defendant, to satisfy immigration requirements." *Id*. ¶ 15. "Because other sources do not provide equivalent documentation of these specialized skills, Defendant represents a critical and, in certain

respects, irreplaceable source of required information." *Id*. ¶¶ 16, 36.

Doe contends that "[p]ublic identification of [her] in connection with this [employment discrimination] litigation creates a material risk of impairing [her] ability to obtain necessary cooperation, references, or documentation from the limited available sources during this critical period" of her immigration process. *Id*. ¶¶ 17, 19, 35. "Delays in obtaining required documentation within the relevant window may affect the sequencing and timing of subsequent stages." *Id*. ¶ 18.

"Because [her] lawful status is tied to continued employment, disruption to professional relationships or employment stability during this period may carry consequences beyond those typically associated with civil litigants." *Id*. ¶ 20.

She argues that she "faces concrete, time-sensitive[, particularized] harm that extends beyond generalized reputational concerns" and "creates a specific vulnerability not shared by most litigants." *Id*. ¶¶ 33, 37, 38. "[D]elays in obtaining required documentation could disrupt the sequencing of her permanent residency application and jeopardize her lawful status." *Id*. ¶ 50.

Doe describes her "request [as] narrowly tailored" "to prevent public dissemination that would occur through routine internet searches of

2

court filings." *Id.* ¶¶ 39, 41. The defendant already knows her identity, and granting her motion would not prejudice the defendant's ability to defend itself. *Id.* ¶¶ 40, 45-46.

She also contends that "the public interest in open proceedings is not substantially impaired by permitting pseudonymous litigation in this case" because her "claims involve private employment matters rather than governmental action or matters of significant public concern" and "the factual and legal issues in this case can be fully understood and evaluated without public knowledge of [her] specific identity." *Id.* ¶¶ 42-44.

### B. Applicable law

Rule 10(a) of the Federal Rules of Civil Procedure requires that "[t]he title of the complaint . . . name all parties . . . ." As the Fourth Circuit recently explained,

> There is a presumption that parties must sue and be sued in their own names. Pseudonymous litigation undermines the public's right of access to judicial proceedings because [t]he public has an interest in knowing the names of the litigants, and disclosing the parties' identities furthers openness of judicial proceedings. For that reason,

few cases warrant anonymity, and few litigants request it.

*Doe v. Sidar*, 93 F.4th 241, 246-47 (2024) (internal quotations and citations omitted) (alteration in original).

"[A] district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Doe v. Pub. Citizen*, 749 F.3d 246, 274 (4th Cir. 2014). They "may, in their discretion, allow pseudonymous litigation because privacy or confidentiality concerns are sometimes sufficiently critical that parties or witnesses should be allowed this *rare* dispensation." *Doe v. Doe*, 85 F.4th 206, 211 (4th Cir. 2023) (emphasis in original) (internal quotation and citation omitted).

When assessing a motion to proceed by pseudonym, a district court considers the following non-exclusive factors:

(1) "whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of

3

sensitive and highly personal nature;"

(2) "whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;"

(3) "the ages of the persons whose privacy interests are sought to be protected;"

(4) "whether the action is against a governmental or private party; and"

(5) "relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously."

*James v. Jacobsen*, 6 F.3d 233, 238 (4th Cir. 1993), *cited in Sidar*, 93 F.4th at 247. Not all factors will be relevant in a particular case. *Doe v. Group 1 Auto., Inc.*, No. 0:25-cv-13931-CMC-WSB, 2026 WL 491495, at *4 (D.S.C. Feb. 20, 2026) (citing *Doe v. Va. Polytechnic Inst. & State Univ.*, No. 7:19-cv-249, 2020 WL 1287960, at *3 (W.D. Va. Mar. 18,

2020); *Doe v. Alger*, 317 F.R.D. 37, 39 (W.D. Va. 2016)).

No one factor controls; the Fourth Circuit has directed that the "district courts *consider* the *James* factors," but has "not prescribed any particular weight to any individual factor. Rather, [the court has] entrusted district courts to consider each case individually to discern which factors should – in their discretion – weigh most heavily." *Doe*, 85 F.4th at 212.

### C. Analysis

Here, Doe is concerned that Amazon.com Services LLC will not provide her documentation she needs to complete her permanent residency application if her name is publicly identified as the plaintiff in this lawsuit.

Weighing the *James* factors, though, Doe[1] cannot proceed pseudonymously.

#### 1. Matter of sensitive and highly personal nature

Matters of a sensitive and highly personal nature involve sexual assault victims, minors, birth control, welfare cases involving minors born to unmarried parents, homosexuality,

---

[1] Of note, although Doe refers to herself as Jane Doe in her filings, she provided an address, telephone number, and email address on her Complaint, Motion, Summons, and Pro Se Authorization Form to Receive Documents Electronically, each of which is publicly

available, and the same information is on the electronic docket caption. While her own disclosures could moot this motion, this information may itself be generic and anonymous. Therefore, the Court assesses the merits of the motion.

"and other particularly vulnerable parties or witnesses." *See Sidar*, 93 F.4th at 248 (internal quotation omitted); *Richard S. v. Sebelius*, No. 3:12-007-TMC, 2012 WL 1909344, at *2 (D.S.C. May 25, 2012) (citing cases).

Doe's suit is not of similar ilk. She is suing the defendant for national origin discrimination and alleges that her new management team wrongfully criticized her work, put her on a Focus Plan with no objective performance standards, and did so immediately after she complained about management. Her complaint has no sensitive or highly personal allegations that warrant protection. *Cf. Doe v. Darden Rest., Inc.*, 736 F. Supp. 3d 297, 301 (D. Md. 2024) (permitting the plaintiff to proceed under a pseudonym in her employment discrimination case involving allegations "of a sexual nature [that] describe nonconsensual sexualized contact between" the plaintiff and the alleged coworker).

To the extent that Doe is claiming some sort of immigration-related privacy interest, *Doe v. Merten*, 219 F.R.D. 387 (E.D. Va. 2004), is instructive. *See* Mot. ¶ 3 ("Plaintiff seeks only to protect against public identification that would materially jeopardize her ongoing immigration proceedings and her ability to maintain lawful status in the United States."). In *Merten*, the plaintiffs challenged the alleged policies of Virginia colleges "to deny admission to illegal alien applicants" even

though "they fall within the acceptable academic ranges for admissions." *Id.* at 389-90. The plaintiffs sought approval to proceed pseudonymously, claiming "that if they are required to reveal their identities, the federal government will seek to deport them or their families and they will thus likely decide not to proceed with this suit, effectively rendering them unable to vindicate their rights in this matter." *Id.* at 390.

The court found that the plaintiffs had not demonstrated the need to preserve privacy in a sensitive and highly personal matter. *Id.* at 392. "This is so because unlawful or problematic immigration status is simply not the type of 'personal information of the utmost intimacy' that warrants abandoning the presumption of openness in judicial proceedings. *Id.*

Likewise, this factor does not weigh in Doe's favor.

   2. Retaliatory physical or mental harm

Doe also fails to show that publicly identifying her as the plaintiff in this action will pose a risk of retaliatory physical or mental harm to her or "more critically" a non-party.

Her concern that "[p]ublic identification in connection with employment discrimination litigation against her former employer creates a material risk of impairing [her] ability to obtain critical documentation from

limited available sources" is speculative. This will not suffice. *See Doe*, 85 F.4th at 213 ("We do not find that the district court abused its discretion in looking for evidence of a risk beyond Appellant's bare assertion that he *could be* targeted for retaliation if his name were public[.]") (emphasis in original). Specifically, there is no information suggesting that the defendant would not timely respond to her request for employment verification. *See Pub. Citizen*, 749 F.3d at 274 ("[C]ourts consistently have rejected anonymity requests to prevent speculative and unsubstantiated claims of harm to a company's reputational or economic interests."); *see also Doe v. Johns Hopkins Univ. Applied Physics Lab'y*, No. MJM-25-861, 2026 WL 860587, at *4 (D. Md. Mar. 30, 2026) (finding that the plaintiff's "speculative concern about professional fallout and personal distress does not rise to the level of a reasonably expected claim of harm" and citing cases).

Furthermore, the defendant knows that Doe filed a charge with the Equal Employment Opportunity Commission ("EEOC"). *See* Compl. ¶¶ 38-40; *see also* EEOC, *What You Can Expect After a Charge is Filed*, https://www.eeoc.gov/employers/what-you-can-expect-after-charge-filed (last accessed May 4, 2026) ("When a charge is filed against an employer . . . , the EEOC will notify the [employer] within 10 days."). And, in support of her motion, Doe argues that she "does not seek to conceal her identity from Defendant." Mot. ¶ 3;

*see also id.* ¶ 26 (stating the same). *See Doe v. Liberty Univ.*, No. 6:19-CV-00007, 2019 WL 2518148, at *4 (W.D. Va. June 18, 2019) (finding that "anonymity in this lawsuit would do little to prevent those in the workplace from learning that she is responsible for this action" where the plaintiff had filed formal complaints with agencies, failed to provide any evidence supporting the risk of retaliation, and named the defendants in the suit, and the defendants were aware of her identity). There is thus no evidence that identifying Doe here would provide additional retaliatory incentive.

Likewise, there is nothing to suggest her current or future employer would take adverse action against her for suing her former employer. Other than the defendant, who already knows of Doe's EEOC charge and will know of her suit, Doe provides no information from which the court can determine who would retaliate against her. *Cf. Darden Rest., Inc.*, 736 F. Supp. 3d at 301-02 (finding the plaintiff's fear of retaliatory physical and mental harm if her name were made public to third parties supported anonymity where the plaintiff alleged the third-party harasser physically assaulted her and lives near her and she submitted a letter from her psychiatrist detailing her fear of retaliation resulting from the alleged harassment).

In addition, the defendant's potential unwillingness to provide documentation (or to the extent her

motion refers to retaliation by her current or future employer) is not the type of retaliation courts have recognized supports anonymity. *See Pub. Citizen*, 749 F.3d at 274, citing *Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.3d 1240, 1245 (10th Cir. 1989) ("explaining that pseudonymity has not been permitted when only the plaintiff's economic or professional concerns are involved"). *See also S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979) (finding the plaintiffs "face no greater threat of retaliation than the typical" Title VII plaintiff where they were concerned that revealing their identities "will leave them vulnerable to retaliation from their current employers, prospective future employers and an organized bar that does 'not like lawyers who sue lawyers'"); *Doe v. Mt. Sinai Hosp.*, No. 25-CV-6171 (JPO), 2025 WL 2958880, at *1 (S.D.N.Y. Oct. 16, 2025) (collecting cases stating concern about current and future employment is insufficient to support anonymity).

Regarding immigration-related retaliation, *Merten* is again instructive. As described above, the plaintiffs challenged the alleged policies of colleges "to deny admission to illegal alien applicants" even though "they fall within the acceptable academic ranges for admissions." 219 F.R.D. at 389-90. They sought approval to proceed pseudonymously, claiming "that if they are required to reveal their identities, the federal government will

seek to deport them or their families and they will thus likely decide not to proceed with this suit, effectively rendering them unable to vindicate their rights in this matter." *Id*. at 390.

The court found that this was an insufficient threat of retaliation under *James*. *Id*. at 393. The plaintiffs relied on a memorandum from the Office of the Attorney General of Virginia that urged colleges "to report undocumented students to federal authorities." *Id*. But the court found that "there is no sound reason to believe that disclosure of plaintiffs' identities in this suit increases their chances of being deported." *Id*. "In the first place, the federal government is already aware of each plaintiff's immigration status." *Id*.

Put simply: "district courts routinely look for aggravating factors or evidence as a means to determine whether a risk of harm truly exists." *See Doe*, 85 F.4th at 213 (internal quotations omitted). Doe has provided none. Thus, under the case law, Doe cannot demonstrate retaliation against her, and she has made no claim regarding retaliation against a third party.

This factor weighs against her request.

### 3. Ages of persons whose privacy interests are at stake

Doe's adult age does not support her proceeding pseudonymously, and she does not allege that any children are

Case 1:26-cv-00340-DAB-JGM    Document 7    Filed 05/14/26    Page 7 of 9

involved in this case or could be harmed if her name is made public. This factor weighs against Doe's request.

### 4. Action against a governmental party

"Courts are more likely to grant a plaintiff permission to anonymously bring suit against a governmental entity than a private entity because 'an action against a private party can result in damage to the defendant's reputation as well as economic harm' in ways that do not raise similar concerns in civil actions against the government." *Candidate No. 452207 v. CFA Inst.*, 42 F. Supp. 3d 804, 810 (E.D. Va. 2012) (quoting *Merten*, 219 F.R.D. at 394). "Thus, when a private party is sued and publicly accused of wrongdoing, basic fairness may – but does not always – call for disclosure of the accusers' identities, depending on the circumstances." *Johns Hopkins Univ. Applied Physics Lab'y*, 2026 WL 860587, at *4.

Here, Doe sues a private party. She alleges individuals discriminated against her when they took adverse employment actions against her. The alleged individual offenders, as well as the defendant, should know their accuser's identity. This factor weighs against Doe's request. *Id.* at *5 (finding "some risk of unfairness in permitting Plaintiff to proceed by pseudonym with her allegations that APL engaged in various forms of discriminatory and retaliatory conduct while leaving APL exposed to

potential reputational and economic damage that those allegations may cause").

This factor weighs against Doe's request.

### 5. Risk of unfairness to the defendant

It is unclear from the record whether Doe's anonymity would hinder the defendant's ability to defend itself. The defendant knows of Doe's presumably related charge with the EEOC and very likely responded to that charge, *see supra* EEOC, *What You Can Expect After a Charge is Filed* (noting that, during the investigation, the employer will be asked to provide information). And Doe does not wish to keep her identity from the defendant or in any way impair its ability to defend itself. *See* Mot. ¶ 3.

On the other hand, Doe identifies in her Complaint numerous individuals whom she alleges took part in the adverse employment actions against her and, to protect her identity, names those individuals with pseudonyms. *See* Compl. ¶¶ 10-36. The anonymized allegations create unnecessary confusion and complication that could impact the

8

defendant's ability to mount a defense against Doe's allegations.

This factor weighs against Doe's request.

## II. Conclusion

The Court has "balanc[ed] the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party," *see Pub. Citizen*, 749 F.3d at 274, and concludes that Doe has not shown "extraordinary circumstances" warranting use of a pseudonym.

Doe's stated privacy interests – avoiding a speculative risk of retaliation and/or adverse actions by future employers – do not outweigh the public's right of access to judicial proceedings. She has accused her employer of discrimination based on her national origin. Under well-settled case law, the public's right of access to the related proceedings is crucial for the public's continued trust in the rule of law and the judiciary and, therefore, outweighs Doe's privacy interests. Because Rule 10(a) requires that the complaint name all parties, Doe must file an amended complaint using her real name to proceed.

**IT IS THEREFORE ORDERED** that Doe's Motion to Proceed Under a Pseudonym, Docket Entry 3, is **DENIED**.

Doe may file an amended complaint using her real name by May 31, 2026. Or she may file a Rule 41 notice of dismissal by May 31, 2026. If Doe fails to take either of these actions by May 31, 2026, the Clerk **SHALL** close the case without further order of the Court.

SO ORDERED.

_____
JoAnna Gibson McFadden
United States Magistrate Judge

May 14, 2026
Durham, North Carolina

9